In its Opinion and Award, the majority finds the Seagraves case inapplicable. I respectfully dissent.
The plaintiff in the instant case was involved in numerous mishaps that caused him to be fired from his employment with defendant-employer for legitimate reasons unrelated to his workers compensation claim. The plaintiff was terminated on 13 May 2002 as a result of several preventable incidents that damaged the truck and/or other equipment the plaintiff was using in his work for defendant-employer.
In March 2002, the plaintiff took a curve too sharply and damaged the wheel guard on the delivery truck he was driving. Plaintiff subsequently manually tore the wheel step off the truck because the damage had caused the wheel guard to rub the tire. On 5 April 2002, while making deliveries, plaintiff failed to apply the parking brake on his delivery truck. The truck rolled into a nearby tree. On or about 11 April 2002, as the plaintiff returned driving a truck after making deliveries for the day, it was observed that his hand truck railing was damaged and dragging behind the truck. The truck had been equipped with a hand truck rack mounted on the rear of the vehicle. Plaintiff professed to have no direct knowledge of how this damage occurred. After plaintiff was terminated, the hand truck plaintiff had formerly used was discovered severely damaged inside the truck. The plaintiff claimed that this damage was due to him being too close to the loading dock when he backed up.
In my opinion the defendant-employer terminated plaintiff for reasons unrelated to the workers' compensation injury, therefore Seagraves v.Austin Co. of Greensboro, 123 N.C. App. 228, 472 S.E.2d 397 (1996) applies to this case. I therefore respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER